**Carolyn J. FLORIMONTE, Appellant**

v.

**BOROUGH OF DALTON.**

No. 14–3298.

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6 May 14, 2015.

Opinion filed: May 20, 2015.

Carolyn J. Florimonte, Dalton, PA, pro
se.

Zygmunt R. Bialkowski, Jr., Esq., Mark
T. Sheridan, Esq., Margolis Edelstein,
Scranton, PA, for Borough of Dalton.

Before: FISHER, SHWARTZ and
GREENBERG, Circuit Judges.

OPINION *

PER CURIAM.

Carolyn Florimonte appeals pro se from
the District Court's order dismissing her
42 U.S.C. § 1983 complaint. For the rea-
sons set forth below, we will grant the
Appellee's motion and summarily affirm
the judgment of the District Court.

I.

This action is Florimonte's tenth lawsuit
over two drainage pipes that the Borough

of Dalton installed on her property before
she purchased it, and which allegedly dis-
charged water that damaged her property.
Florimonte filed the prior nine lawsuits in
state court. In the first action, she ob-
tained equitable relief, but no damages.
Her next eight actions were dismissed be-
cause she was suing over the same set of
facts, raising the same claims or claims
that could have been raised in her first
action. Florimonte then filed this action,
which the District Court dismissed as
barred by the doctrine of res judicata, or
claim preclusion.

Florimonte timely appealed pro se. The
Borough of Dalton moved for summary
affirmance,[1] arguing that her action is
clearly barred by the doctrine of res judi-
cata. The Borough also requested, based
on Florimonte's serial lawsuits over the
same set of facts, that the Court bar Flori-
monte from filing any further appeals on
matters raised in her complaint. Flori-
monte opposed these requests and filed a
separate motion for relief, arguing that a
change in state law indicates that her state
law actions should not have been dis-
missed.

II.

We have jurisdiction pursuant to 28
U.S.C. § 1291, and our review of the Dis-
trict Court's dismissal order is plenary.
See Allah v. Seiverling, 229 F.3d 220, 223
(3d Cir.2000). "To survive a motion to
dismiss, a complaint must contain suffi-
cient factual matter, accepted as true, to
'state a claim to relief that is plausible on
its face.'" Ashcroft v. Iqbal, 556 U.S. 662,
678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)
(quoting Bell Atl. Corp. v. Twombly, 550
U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d

---

* This disposition is not an opinion of the full
Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

1. Although the Borough styled its request as a
motion to dismiss the appeal, we understand
it to be a motion for summary affirmance.

929 (2007)). We will summarily affirm the District Court's judgment because this appeal does not present a substantial question. *See* 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.

The District Court correctly concluded that Florimonte's action is barred by the doctrine of res judicata. She is suing the same defendants over the same set of facts and raising the same claims that were previously decided on the merits or claims that could have been raised in her first action. Res judicata therefore applies. *See Turner v. Crawford Square Apartments III, L.P.,* 449 F.3d 542, 548–50 (3d Cir.2006). Accordingly, the District Court properly dismissed Florimonte's complaint, and we will grant the Borough's motion to summarily affirm.[2]

At this stage, however, we will decline the Borough's request for an order restricting Florimonte from filing further appeals. *See* 28 U.S.C. § 1651. "[S]uch injunctions are extreme remedies and should be narrowly tailored and sparingly used." *In re Packer Ave. Assocs.,* 884 F.2d 745, 747 (3d Cir.1989). Although Florimonte has filed several actions in state court on this matter, this is her first in federal court, and thus an injunction on her access to this Court seems premature. If Florimonte files additional duplicative or frivolous actions on this matter in the future, then we will reconsider whether to restrict her access to this Court or to impose other appropriate sanctions, including monetary penalties.

---

2. The District Court also correctly declined to grant Florimonte leave to amend as amendment would have been futile. *See Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.,* 482 F.3d 247, 251 (3d Cir.2007); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002).

## III.

There being no substantial question presented on appeal, we will summarily affirm the judgment of the District Court. In light of our disposition, we will also deny Florimonte's request for relief.[3]

---

3. Florimonte's request for relief is not completely clear, but she seems to argue that changes to Pennsylvania's civil procedure in 2004 indicate that her state law actions should not have been dismissed. She has raised this argument in state court to no avail, and, in any event, it does not disturb our conclusion that this action is barred by res judicata.